T.C. Memo. 2002-182

UNITED STATES TAX COURT

ROGER AND JEAN MULDAVIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6854-00L.                    Filed July 31, 2002.

Roger and Jean Muldavin, pro sese.

<u>Timothy S. Murphy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioners seek review of respondent's determination to proceed with collection of petitioners' 1987, 1988, 1989, and 1991 tax liabilities.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in Arcadia, Michigan.

In 1992, respondent issued statutory notices of deficiency to petitioners for 1987, 1988, and 1989. In 1993, respondent issued a statutory notice of deficiency to petitioners for 1991. Petitioners filed petitions with the Court regarding their 1987, 1988, 1989, and 1991 tax years.

The Court issued Muldavin v. Commissioner, T.C. Memo. 1997-531,[2] orders, and decisions which addressed the deficiencies and additions to tax for petitioners' 1987, 1988, and 1989 tax years. Petitioners did not appeal these decisions. A stipulated decision was entered for petitioners' 1991 tax year.

On August 2, 1999, respondent prepared a Notice of Federal Tax Lien (FTL notice) for Roger Muldavin (Mr. Muldavin) for 1987 and an FTL notice for petitioners for 1988, 1989, and 1991. That same day, respondent mailed the FTL notices to the Register of Deeds, Manistee County, Michigan (register's office).

On August 5, 1999, respondent issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320

---

[2] This opinion also addressed the deficiencies and additions to tax determined by respondent for petitioners' 1985 and 1986 tax years.

(hearing notice) to Mr. Muldavin for 1987 and a hearing notice to petitioners for 1988, 1989, and 1991.

On August 27, 1999, the register's office recorded the FTL notices.

On or about September 6, 1999, petitioners filed a Request for a Collection Due Process Hearing, Form 12153. Petitioners explained their disagreement with the FTL notices as follows:

> We are currently before the U.S. Tax Court for 1985-89 with the opportunity to open 1980 for greater oil depletion allowances. Adjustments for carryforward and carryback credits have not been made for depletion, depreciation, and prepayments (as the court so ordered) nor has the Commissioner fullfilled [sic] its promises to make such adjustments in exchange for our not going to trial over proper business expenses in Ann Arbor, Michigan.

Pursuant to petitioners' request for a hearing, Appeals Officer Mary Jo Fedewa held a hearing attended by petitioners and Ms. Fedewa. Petitioners raised two issues at the hearing: (1) They challenged the underlying deficiencies,[3] and (2) they claimed that respondent had not followed proper procedures in providing them with the hearing notices.

Ms. Fedewa verified that for each of the years in issue petitioners received a statutory notice of deficiency, they petitioned the Court, and a decision had been entered. Ms. Fedewa also verified that on August 2, 1999, respondent prepared

---

[3] Petitioners claimed they were entitled to additional depletion allowances and wanted respondent to change the computation of their underlying liabilities.

and mailed the FTL notices for each of the years in issue to the register's office and that on August 5, 1999, respondent issued hearing notices for each of the years in issue to petitioners. Ms. Fedewa repeatedly explained to petitioners that she could not consider the underlying liabilities.

On May 18, 2000, respondent mailed Mr. Muldavin a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1987 and petitioners a notice of determination for 1988, 1989, and 1991. The Appeals Office made the following determinations in the notices of determination: (1) There were no open Tax Court cases for 1985 through 1989; (2) petitioners could not raise the amount of the underlying liabilities as an issue; and (3) as no collection alternatives were raised, petitioners' request for relief from the proposed collection action was denied.

OPINION

Petitioners received statutory notices of deficiency for each of the years in issue. Accordingly, petitioners cannot contest the underlying deficiencies for 1987, 1988, 1989, and 1991. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Where the validity of the underlying tax liability is not properly in issue, we review respondent's determination for an

abuse of discretion.  Sego v. Commissioner, supra at 610.
Section 6321 imposes a lien in favor of the United States on all
property and rights to property of a person when demand for
payment of that person's liability for taxes has been made and
the person fails to pay those taxes.  The lien arises when the
assessment is made.  Sec. 6322.  Section 6323(a) requires the
Secretary to file an FTL notice if such lien is to be valid
against any purchaser, holder of a security interest, mechanic's
lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C.
Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the
person described in section 6321 with written notice (i.e., the
hearing notice) of the filing of a notice of lien under section
6323.  The hearing notice must be provided not more than 5
business days after the day the FTL notice is filed.  Sec.
6320(a)(2).  Section 6320 further provides that the taxpayer may
request administrative review of the matter (in the form of an
Appeals Office hearing) within the 30-day period beginning on the
day after the 5-day period described above.  The Appeals Office
hearing generally shall be conducted consistent with the
procedures set forth in section 6330(c), (d), and (e).  Sec.
6320(c).

Petitioners claim that the FTL notices were filed on August
27, 1999, when the register's office recorded the FTL notices,

and therefore respondent did not follow section 6320(a)(2) because he sent the hearing notices on August 5, 1999. Respondent claims that the FTL notices were filed on August 2, 1999, the date of mailing, and therefore the hearing notices were sent to petitioners within 5 days of the filing of the FTL notices as required by section 6320(a)(2).

Irrespective of whether the date of filing of the FTL notices was August 2, as respondent contends, or August 27, as petitioners contend, respondent complied with section 6320(a)(2). Section 6320(a)(2) requires that the hearing notice be given "not more than 5 business days after the date of the filing of the notice of lien."  August 5, 1999, the date respondent issued the hearing notices to petitioners, is not more than 5 business days after August 2 or 27, 1999.

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4). Accordingly, we conclude that respondent's determination to proceed with collection with respect to petitioners' 1987, 1988, 1989, and 1991 tax years was not an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.